UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

DAVID MICHAEL CAPERTON,                  Case No. DT 09-09540
                                         Chapter 7
          Debtor.                        Hon. Scott W. Dales

_____/

OPINION AND ORDER
REGARDING OBJECTION TO EXEMPTIONS

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

Chapter 7 Debtor, David M. Caperton (the "Debtor"), claimed as exempt his former interest in a bank account with a $150.00 balance, a snowmobile he values at $100.00, and a boat he values at $500.00 (collectively the "Personal Property"). The Debtor elected to rely on the exemptions specified in 11 U.S.C. § 522(b)(2), colloquially referred to as "state exemptions." More specifically, the Debtor relies on the supposed exemption that the people of Michigan prescribed in Article X, § 3 of the state's 1963 Constitution, rather than any statutory exemption such as might be available under MCL §§ 600.5451 or 6023. James W. Boyd, the Chapter 7 Trustee (the "Trustee"), timely objected to the Debtor's exemption, arguing that Michigan's Constitution does not itself provide an independent basis for objection. The parties have offered no case law authority in support of their positions, and the court has found none through independent research. Reluctantly,[1] the court writes on a clean slate.

The state constitutional language at issue provides in relevant part as follows:

---

[1] The court has considered seeking guidance from the Michigan Supreme Court, but in the absence of a request from the parties, and given the relatively modest amount in controversy, the court will address the issue without such guidance. See MCR 7.305(B); cf. W.D. Mich. LCivR 83.3(b).

> A homestead in the amount of not less than \$3,500 and personal property of every resident of this state in the amount of not less than \$750, as defined by law, shall be exempt from forced sale on execution or other process of any court. Such exemptions shall not extend to any lien thereon excluded from exemption by law.

Const. 1963, Art. X, § 3, Eff. Jan. 1, 1964. The Debtor construes this provision as creating a \$750.00 "wildcard" exemption for any personalty, independent of any enabling statute. The Trustee, in contrast, argues that the phrase "as defined by law" immediately following the reference to the personal property exemption suggests that the framers of the 1963 constitution contemplated further action by the Michigan legislature, that is, that Section 3 is not self-implementing. After reviewing the transcript of the 1961 Constitutional Convention, the court finds that the Trustee has the better argument. <u>See</u> <u>generally</u> State of Michigan, Constitutional Convention 1961, Official Record at pp. 435-48 & 449-58 (hereinafter the "Official Record") (available on-line at http://tinyurl.com/ydhoxxr).

Many delegates to the 1961 Convention expressed doubts about the legislature's future willingness to safeguard Michigan debtors' exemption rights, and explained the need to set a floor on exemptions in the Constitution itself in order to prevent legislative encroachment. <u>See</u>, <u>e.g.</u>, Official Record at pp. 442 (Delegate Habermehl stating that "the committee proposal is a reasonable compromise between the power of the legislature and the wish, I believe, of the people to assure themselves that the legislature could not in effect abolish the exemption."); <u>id.</u> at p. 445 (Delegate Prettie explaining that the purpose of the provisions "is to assure the people of this state that there is a minimum amount of real and personal property that they may own and which shall not be subject to forced sale on execution or other legal process").

The Trustee's argument depends upon construing the phrase "as defined by law" to require further action by the legislature, at least with respect to personal property exemptions.

The court's review of the Official Record supports this construction.  It is possible that the phrase "as defined by law" refers to the manner in which the common law has already defined (or continues to define) a homestead, or how the common law has determined what qualifies as personal property, but the court does not believe the phrase is so limited.

The applicable "Convention Comment" explains that "[t]he power to increase the exemptions is left with the legislature but in no case may they be lower than the minimums stated."  See M.C.L.A. Const. Art. X, § 3 (Convention Comment).  This suggests that Section 3 itself established a minimum stated exemption in personal property (irrespective of legislative action).  In this sense, the personal property exemption is "self executing" -- the constitutional floor does not depend on legislative enactment.  See Official Record at p. 449 (comments of Delegate Millard).  Indeed, the specificity of the exemption floors -- $3,500.00 for a homestead and $750.00 for personal property -- makes it possible to construe the section in a way that it could be enforced without dependence on enabling legislation, as the Debtor argues in support of a "wild card."  The court declines to accept the argument, however, because it appears that the delegates viewed the homestead exemption as "self implementing" or "self executing" but not with respect to the details of the personal property exemption.

For this conclusion, the court principally relies on the differences between the uniqueness of a homestead -- there can only be one -- and the variety of personal property that a debtor may own.  Given the nature of a homestead, and given more than a century of judicial interpretation of the term "homestead," the delegates apparently believed in 1963 that there was not much left to be "defined by law," although the Official Record supports the conclusion that the phrase applies both to the homestead and personal property.  Compare Official Record at p. 449 ("there has been a definition of homestead law in the statutes since 1848 . . . ") with id. p. 450 ("'defined

by law' refers to everything ahead of the comma after '$750' and includes both the 'homestead' and the 'personal property' and includes that whole section").

The nature of personal property, unlike a homestead, is far from unique, embracing tangible and intangible property, luxuries and necessities, and countless other permutations. Given the nature of such property, it is reasonable to conclude that the types or specific items of exempt personal property would be defined by the legislature. Otherwise, the Constitution might be used to protect species of property -- luxuries for example -- that the drafters would not have considered appropriate. The only limitation on legislative prerogative, as far as the court perceives, is that the legislature must allow at least $750.00 in value. According to one delegate:

> The committee proposal would, in fact, limit the legislative power to a certain extent, it would say in effect that the legislature has this power, but subject to certain limits. That any exemption that might be granted could not be less than $3,500 in the case of real estate and $750 in the case of personal property. In other words, we will trust the legislature, but not quite completely. We will still put a floor there so that the figure set by the legislature could not be reduced to a merely nominal figure, such as a dollar.

Official Record at p. 442 (comments of Delegate Habermehl). The explanation of Delegate Ford confirms the court's reading. Delegate Ford explained:

> Now this [phrase "as defined by law"] makes clear that the legislature can specify such property, and I call attention of the lawyers particularly to the fact that again we have a long history of necessities versus television sets and the arguments about whether a sewing machine -- I think we went to the supreme court on that one -- about whether a sewing machine is included as part of household goods, and the legislature has limited this and I believe that the legislature in various statutes protects people's rights in things such as title retaining contracts and other pledges of property, even leasing arrangements, and they do not find themselves coming under this protection of the constitution because of these words that leave it to the legislature with respect to personal property. This section is only specific, self executing, and limiting as to the word "homestead" and not with respect to "personal property."

Page 5 of 6

Official Record at p. 454. These comments, unlike others throughout the debate, drew no opposition from other delegates, and the court infers that Delegate Ford expressed the sense of the Convention on this point. The court predicts that the Michigan Supreme Court would reach the same conclusion. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001) (when state law supplies the rule of decision, federal court must predict how the state's highest court would rule). Here, given the paucity of case law, the data are limited.

Moreover, although our Constitution specifically sets the exemption floors with a precise dollar amount, the court subscribes to the theory that a constitution is, and should be, a more general organizing document prescribing limits on government authority rather than legislative details. The court is unwilling to conclude that the delegates intended to enact a wild card; rather, the delegates understood the differences between crafting a constitution and enacting legislation, and they intended to create a floor on personal property exemptions while leaving the details to the legislature. See, e.g., Official Record at p. 441 ("we are writing a constitution here; we are not writing a bankruptcy law with all kinds of dates, stipulations, times, places and things of that sort . . ."); id. at p. 444 (comments of Delegate Hutchinson).

In view of this analysis, the court concludes that it must sustain the Trustee's objection to the Debtor's $750.00 constitutional exemption in the bank account, the boat, and snowmobile. This decision is without prejudice to the Debtor's right to amend his exemptions, but he must assert a specific statutory basis for the exemption. See Fed. R. Bankr. P. 1009(a).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Trustee's objection to the Debtor's exemption is SUSTAINED, without prejudice to Debtor's right to amend Schedule C.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Paul I. Bare, Esq., attorney for Debtor and James W. Boyd, Esq., Chapter 7 Trustee.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: December 21, 2009**